FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNESTO PEREZ G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:24-CV-03133-SAB <br><br><br> **ORDER REVERSING THE DECISION OF COMMISSIONER** |

    Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision upholding the Social Security Administration's (SSA) decision to reduce his disability insurance benefits to account for the permanent partial disability award that he received from workers' compensation. Plaintiff is represented by Kathryn Higgs. The Commissioner is represented by Zachary Berkoff-Cane and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 15, the Commissioner's Brief, ECF No. 19, and Plaintiff's Reply Brief, ECF No. 20.

    After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~1

## I. Jurisdiction

Plaintiff is receiving disability insurance benefits from SSA. On November 7, 2018, Plaintiff received a lump sum award of $12,989.74 from Washington state for workers' compensation benefits. On October 31, 2020, the SSA notified Plaintiff that it would reduce his Social Security disability benefit by $463.68 a week because of the lump sum payment. Plaintiff filed a request for reconsideration, which was denied. Plaintiff then requested a hearing before the ALJ, which was held on January 11, 2024. Plaintiff appeared and testified with the assistance of a Spanish interpreter. He was assisted by his attorney, Kathryn Higgs.

On January 24, 2024, the ALJ issued an opinion finding the SSA correctly reduced Plaintiff's disability insurance benefits to account for his permanent partial disability award from workers' compensation.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on July 25, 2024. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on Augus 8, 2024. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Legal Framework

Pursuant to 42 U.S.C. 424a, if an individual is under the age of 65 and is entitled to Social Security disability benefits as well as workers' compensation benefits on account of their total or partial disability, the amount of their Social Security benefits is reduced if both the workers' compensation benefits and the disability insurance benefits exceed eighty percent of the recipients "average current earnings" at the time of disability. *See* 42 U.S.C. § 424a(a). Certain benefits, such as medical, legal, or related expenses in connection with the disability claim or injury, are not subject to the federal offset provision. 20 C.F.R.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~2

404.408(d). The Commissioner "bears the burden of proving the fact and amount of overpayment." *McCarthy v. Apfel*, 221 F.3d 1119, 1124 (9th Cir. 2000).

In *Hodge v. Shalala,* the Ninth Circuit interpreted the federal offset law as applying when a state benefit was issued, either as a periodic payment or as a lumpsum payment, to compensate the recipient for an economic loss of earning power. 27 F.3d 430, 432-34 (9th Cir. 1994). At issue in *Hodge* was the Oregon workers' compensation program. The Ninth Circuit determined that Oregon's lumpsum scheduled benefit payment constituted a benefit intending to compensate the injured worker for the economic loss of earning capacity and ruled the Oregon scheduled payment must be offset from federal disability benefits. *Id.*

Courts in the Eastern District of Washington have consistently held that because Washington PPD payments are calculated based on a body part's loss of existence or function, regardless of the impact on earning capacity, the PPD payment does not compensate the recipient for wage loss. Thus, the recipient's social security benefits should not be offset by the PPD award. *See Mathew S. v. Saul*, 2021 WL 9816442 (E.D. Wash. June 10, 2021); *Wheatley v. Colvin*, 2016 WL 447610 (E.D. Wash. Feb. 4, 2016); *Olson v. Colvin*, 31 F.Supp.3d 1176 (E.D. Wash. 2014). Courts in the Western District of Washington have recently adopted this reasoning as well. *See Mary C. v. Comm'n*, 2022 WL 1598080 (May 30, 2022); *Tina C. v. Comm'n,* 2020 WL 104321 (W.D. Wash. January 9, 2020).

Also, in an unpublished opinion, the Ninth Circuit held that a Washington PPD payment was not a benefit subject to federal disability offset because it was not intended to cover the recipient's lost earning capacity. *See Sutton v. Berryhill*, 677 Fed. Appx. 341 (9th Cir. Feb. 9, 2017). In reaching this ruling, the Circuit noted:

- Washington case law has recognized that Washington's PPD payments compensate for loss of bodily function, regardless of whether that loss of bodily function has an effect on the recipient's wage-earning capacity.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~3

- the statutory purpose for PPD payments does not include considering wage earning power.
- a Washington regulation provides that PPD payments are based solely on the impaired body part/function without consideration of economic factors.

*Id.* at 341-42.

### III. The ALJ's Findings

The ALJ issued an opinion affirming the reduction of Plaintiff's disability insurance benefits to account for his permanent partial disability award from workers' compensation, but instructing the payment center to recalculate the offset to ensure that all excludable expenses had been properly deducted before SSA applied the offset. AR 25.

### VI. Issues

1. Whether SSA correctly reduced Plaintiff's disability insurance benefits to account for the permanent partial disability award that he received from workers' compensation.

### VII. Discussion

The ALJ erred in upholding the SSA's reduction of Plaintiff's disability insurance benefits based on his lump sum payment for permanent partial disability as determined by the state of Washington. On the contrary, case law is clear. Washington PPD payments are calculated based on a body part's loss of existence or function, regardless of the impact on earning capacity, and as such, does not compensate the recipient for wage loss.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 15 and Reply Brief, ECF No. 20, are **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 19, is **DENIED**.

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~4

3.  The decision of the Commissioner is **REVERSED** and **REMANDED**. The SSA **may not** reduce his disability insurance benefits by the lump sum award of $12,989.74 from Washington state for workers' compensation benefits.

4.  Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 11th day of June 2025.



_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER ~5**